IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

VICTORIA ANN BURGESS;                                )
ELIZABETH F. JOHNSON;                                )
CLARK WALKER JOHNSON;                                )
and MAYNARD GARDNER MOODY,                           )
as Personal Representative of the Estate of          )
PATRICIA JOHNSON PERRY, deceased,                    )
                                                     )
      Plaintiffs,                                    )
                                                     )
v.                                                   )   Case No. 19-CV-00232-GKF-JFJ
                                                     )
HOWARD MITCHELL JOHNSON,                             )
                                                     )
      Defendant.                                     )

**OPINION AND ORDER**

This matter comes before the court on the Motion to Require Joinder of All Trust Beneficiaries or Alternatively to Dismiss [Doc. 85] of defendant Howard Mitchell Johnson. For the reasons set forth below, the court defers ruling on the motion pending receipt of additional evidence and argument as set forth herein.

**Background/Procedural History**

This case arises from a dispute concerning the administration of an irrevocable trust. In 1974, Erma Ossip Johnson, M.D. (E.O. Johnson) created the E. Ossip Johnson, M.D. Trust, which was subsequently amended and restated into its final iteration in 1990 (Trust). E.O. Johnson and his wife, Machiko O. Johnson, were the initial co-trustees of the Trust. The Trust provided for two contingent trusts, designated as "Trust A" and "Trust B." Machiko Johnson was the sole beneficiary to "Trust A." "Trust B" had ten (10) beneficiaries: defendant Howard Mitchell Johnson, who is E.O. Johnson's adopted son (H. M. Johnson); plaintiffs Victoria Ann Burgess,

Elizabeth F. Johnson, Clark Walker Johnson, and Patricia Johnson Perry[1]; and non-parties Mark Everett Johnson, Tyler Wise Johnson, Junko Amano, Harriet Hunt, and Constance Ray Johnson.

Following E.O. Johnson's death in 1996, H. M. Johnson was appointed as E.O. Johnson's successor trustee and co-trustee with Machiko Johnson. In 2018, Machiko Johnson died, rendering H. M. Johnson the Trust's sole trustee.

On May 2, 2019, plaintiffs initiated this litigation as beneficiaries under the Trust by filing the original Complaint. Therein, plaintiffs alleged that, prior to Machiko Johnson's death, she and H. M. Johnson breached their fiduciary duties to the beneficiaries of the Trust by, among other acts, secreting from the beneficiaries the Trust securities, moneys, property, and property rights; wrongfully withdrawing moneys from Trust accounts; expending Trust moneys for their personal benefit; and acquiring, directly or indirectly, in their names, property and property rights with the Trust moneys and transferring the monies to limited liability companies, which they organized and used as vehicles for defrauding the Trust beneficiaries. *See generally* [Doc. 2].

In response to the Complaint, Johnson filed a motion to compel arbitration pursuant to § 2 of the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1 *et seq*. [Doc. 13]. The court denied the motion [Doc. 28], and Johnson appealed the decision to U.S. Court of Appeals for the Tenth Circuit. [Doc. 30]. The Tenth Circuit affirmed on November 4, 2020. [Doc. 46].

On February 3, 2021, plaintiffs filed the First Amended Complaint, the operative pleading.[2] [Doc. 69]. The Amended Complaint includes the following causes of action: (1) statutory breach

---

[1] Patricia Johnson Perry initiated this litigation as a co-plaintiff, but died on July 2, 2019. Maynard Gardner Moody was appointed personal representative of Perry's estate and substituted as a party pursuant to Fed. R. Civ. P. 25.

[2] The operative pleading is titled "Corrected First Amended Complaint" [Doc. 69], because counsel first attached the wrong PDF and refiled the amended pleading. [Doc. 68]. For ease of

of fiduciary duties, 60 Okla. Stat. § 175.57; (2) breach of common law fiduciary duties; (3) common law conversion; (4) embezzlement, 21 Okla. Stat. § 21-1451; (5) civil theft, Colo. Rev. Stat. § 18-4-405; (6) constructive trust; (7) violation of Colorado Uniform Fraudulent Transfer Act, Colo. Rev. Stat. § 38-8-101, *et seq.*; (8) violation of Oklahoma Fraudulent Transfer Act, 24 Okla. Stat. § 112, *et seq.*; (9) common law fraud; (10) fraud by nondisclosure; (11) accounting, 60 Okla. Stat. § 175.57; and (12) restitution and unjust enrichment.  Plaintiffs seek damages, including actual, consequential, exemplary, and treble damages; declaratory relief for constructive trust; and remedies for breach of trust pursuant to 60 Okla. Stat. § 175.57, including suspension or removal of the trustee.  [Doc. 69, p. 23].  Five of the ten beneficiaries to "Trust B" are not parties to the suit.[3]  [Doc. 69, p. 4, ¶ 18].

On March 11, 2021, Johnson filed the Motion to Require Joinder of All Trust Beneficiaries or Alternatively to Dismiss [Doc. 85], seeking to join the five absentee beneficiaries or, in the alternative, dismissal.  Plaintiffs responded in opposition [Doc. 87; Doc. 88], and Johnson filed a reply [Doc. 89].  Thus, the motion is ripe for the court's determination.

**Standard**

Federal Rule of Civil Procedure 12(b)(7) provides for dismissal of an action for "failure to join a party under Rule 19."  The Tenth Circuit has recognized that "Rule 19 provides a three-step process for determining whether an action should be dismissed for failure to join a purportedly indispensable party." *Citizen Potawatomi Nation v. Norton*, 248 F.3d 993, 997 (10th Cir. 2001).

---

reference, the court refers to the "Corrected First Amended Complaint" as the Amended Complaint.

[3] For ease of reference, the court refers to the five "Trust B" beneficiaries who are not parties to this suit as "the absentee beneficiaries."

The moving party bears the burden at each step. *See Davis v. United States*, 192 F.3d 951, 958 (10th Cir. 1999).

*First*, "the court must find that a prospective party is 'required to be joined' under Rule 19(a)." *N. Arapaho Tribe v. Harnsberger*, 697 F.3d 1272, 1278 (10th Cir. 2012). Rule 19(a) states:

> (a) Persons Required to Be Joined if Feasible
>
> > (1) Required Party. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
> >
> > > (A) in that person's absence, the court cannot accord complete relief among existing parties; or
> > >
> > > (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
> > >
> > > > (i) as a practical matter impair or impede the person's ability to protect the interest; or
> > > >
> > > > (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a).

*Second*, if the absent person or entity was required to be joined, "the court must then determine whether joinder is 'feasible.'" *Norton*, 248 F.3d at 997. "If joinder is feasible, the court must order it; the court has no discretion at this point because of the mandatory language of the rule." 7 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1611 (3d ed. Apr. 2021 update) (internal footnote omitted).

*Third and finally*, if the required person or entity cannot be feasibly joined, "the court must determine, under Rule 19(b), whether the required-but-not-feasibly-joined party is so important to

the action that the action cannot 'in equity and good conscience' proceed in that person's absence." *Harnsberger,* 697 F.3d at 1278-79. The factors for the court to consider include:

> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
>
> (2) the extent to which any prejudice could be lessened or avoided by:
>
>> (A) protective provisions in the judgment;
>>
>> (B) shaping the relief; or
>>
>> (C) other measures;
>
> (3) whether a judgment rendered in the person's absence would be adequate; and
>
> (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Fed. R. Civ. P. 19(b). If the action cannot "in equity and good conscience" proceed without the absent person or entity, the action "should be dismissed." *Id.* "Because Rule 19(b) does not state the weight to be given each factor, the district court in its discretion must determine the importance of each in the context of the particular case." *Thunder Basin Coal Co. v. Sw. Pub. Serv. Co.*, 104 F.3d 1205, 1211 (10th Cir. 1997).

**Analysis**

As previously stated, H. M. Johnson argues that the five absentee beneficiaries are required to be joined if feasible and, if not, dismissal is appropriate.

The court first considers whether the five absentee beneficiaries are "'required to be joined' under Rule 19(a)." *See N. Arapaho Tribe*, 697 F.3d at 1278. In this action, plaintiffs seek damages, as well as restitution of "Trust B" assets, an accounting, and other relief as provided under 60 Okla. Stat. § 175.57, including suspension or removal of H. M. Johnson as trustee. *See generally* [Doc. 69]. Federal courts, including one in this district, have recognized that, "[a]s a general rule, all

beneficiaries are persons needed for just adjudication of an action to remove trustees and require an accounting or restoration of trust assets." *Walsh v. Centeio,* 692 F.2d 1239, 1243 (9th Cir. 1982); *see also Tick v. Cohen*, 787 F.2d 1490, 1494 (11th Cir. 1986) (quoting *Walsh*, 692 F.2d at 1243); *Faunce v. Bird*, 210 F.R.D. 725, 728 (D. Or. 2002); *Wilson v. Adcock*, No. 18-CV-612-REW, 2019 WL 3468204, at *3 (E.D. Ky. July 31, 2019) (collecting cases); *Wood v. Hull,* No. 16-CV-450-TCK-JFJ, 2017 WL 4896936, at *3 (N.D. Okla. Oct. 30, 2017).[4]

Plaintiffs contend that the general rule is inapplicable because a judgment in favor of plaintiffs would not affect the existence or structure of the Trust, or the value of the share of distributions to which the absentee beneficiaries are entitled. However, the Trust specifies that Trust B beneficiaries shall receive equal and separate shares. [Doc. 85-1, p. 14]. As recognized by other courts, "[b]ecause the Trust[] ha[s] multiple beneficiaries who are to take proportionately from certain trust assets, a construction of the terms or judgment affecting the res of the Trust[] could affect the Absent Beneficiaries' interests." *Wood*, 2017 WL 4896936, at *3; *see also Faunce*, 210 F.R.D. at 728 ("Under the terms of the Trust, both Plaintiff and his brother, Robert Faunce, are beneficiaries and are to be treated equally. The relief sought by Plaintiff necessarily would affect the Trust itself and, therefore, could affect the relative interest of Robert Faunce."). Without the absentee beneficiaries, the court cannot afford complete relief. *See* Fed. R. Civ. P. 19(a)(1)(A).

Further, the Amended Complaint seeks broad relief. Given the nature of the relief requested, "[i]n the event that the [plaintiffs] succeed on the merits, it is likely that the trust[] will

---

[4] H. M. Johnson directs the court to a 1966 decision of the U.S. District Court for the District of Colorado. *See* [Doc. 88, p. 14 (citing *Rippey v. Denver U.S. Nat'l Bank*, 260 F. Supp. 704 (D. Colo. 1966)]. However, the analysis in *Rippey* focused entirely on Rule 19(b). Thus, the case is not persuasive at this step.

be affected." *Tick,* 787 F.2d at 1494. Significantly, the Amended Complaint seeks suspension or removal of H. M. Johnson as Trustee. [Doc. 69, p. 23]. It is possible that the absentee beneficiaries do not agree that H. M. Johnson should be removed or that they would like to be heard on the issue. If the court granted the requested relief, the absentee beneficiaries' interests would necessarily be affected, forcing them to either accede to the change or file another lawsuit. *See Wilson*, 2019 WL 3468204, at *2; *see also Tick,* 787 F.2d at 1494. Additionally, in Count Twelve of the Amended Complaint, plaintiffs allege that H. M. Johnson has utilized "Trust B" funds to pay his attorneys in defense of this lawsuit and ask that the court require H. M. Johnson to make restitution to the Trust the funds expended. [Doc. 69, p. 21]. If plaintiffs are unsuccessful, "the litigation process could well deplete the Trust (and thus any beneficiary's share)." *Wilson*, 2019 WL 3468204, at *2. For these reasons, the absentee beneficiaries have an interest in the litigation and disposing of the action in their absence may, as a practical matter, impede their abilities to protect that interest.[5] *See* Fed. R. Civ. P. 19(a)(1)(B)(i).

Because the court can neither afford complete relief nor protect the absent parties' interest, the absentee parties are required to be joined under Rule 19(a). The court must next determine whether joinder is feasible. *See Norton*, 248 F.3d at 997.

Unfortunately, H. M. Johnson offers little in this regard. *See Davis*, 192 F.3d at 958 (the moving party bears the burden at each step); *see also Perez v. Jani-King of Okla., Inc.*, No. CIV-16-1133-W, 2017 WL 3841487, at *7 (W.D. Okla. Mar. 30, 2017). Johnson first assumes that the absentee beneficiaries would be joined as plaintiffs. Rule 19 permits joinder as an involuntary plaintiff "only if the person is beyond the jurisdiction of the court, and is notified of the action, but

---

[5] There does not appear to be any requirement in the Tenth Circuit that the absent parties affirmatively claim an interest. *See Ins. Co. of State of Pa. v. LNC Cmtys. II, LLC*, No. 11-CV-00649-MSK-KMT, 2011 WL 5548955, at *7 (D. Colo. Aug. 23, 2011).

refuses to join." 7 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1606 (3d ed. Apr. 2021 update). "Generally, if a party refuses to join as a plaintiff, the proper procedure is to serve the complaint on that party as a defendant and then seek realignment." *Elborough v. Evansville Cmty. Sch. Dist.*, 636 F. Supp. 2d 812, 826 (W.D. Wis. 2009); *see also Eikel v. States Marine Lines, Inc.,* 473 F.2d 959 (5th Cir. 1973). H. M. Johnson offers no argument with respect to alignment, nor is it clear that the absentee beneficiaries have refused to join.

Further, assuming that the absentee beneficiaries should be aligned as plaintiffs in this case, H. M. Johnson fails to show that joinder would destroy diversity. H. M. Johnson is a citizen of Colorado for purposes of this court's diversity jurisdiction. [Doc. 84]. Defendant suggests in his reply that joinder of Constance Ray Johnson would destroy diversity jurisdiction because she is "allegedly domiciled in Colorado." [Doc. 89, p. 6]. However, H. M. Johnson also states that he is "unaware of the domiciliary status of the absentee beneficiaries." [Doc. 85, p. 2]. Although the parties suggest that Constance Ray Johnson resides in Colorado, "[a]n individual's residence is not equivalent to [her] domicile and it is domicile that is relevant for determining citizenship." *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1238 (10th Cir. 2015).[6] There being no evidence before the court regarding Constance Ray Johnson's citizenship, the court is unable to determine the feasibility of joining the absentee beneficiaries.

Because the absentee beneficiaries are parties required to be joined under Rule 19(a), "[i]f joinder is feasible, the court must order it." 7 Wright & Miller, *Federal Practice and Procedure* § 1611. However, if the absentee beneficiaries cannot be feasibly joined, the "court must

---

[6] The court notes that plaintiffs' counsel avers that "[p]redicated [on] information provided by Defendant's attorneys of records, Constance Ray Johnson is a resident and domiciliary of the State of Colorado, wherein she resides at the residence of Defendant in LaVeta, Colorado." [Doc. 88, p. 30]. However, because defendant disclaims personal knowledge as to Constance Ray Johnson's citizenship, the averment is of no evidentiary weight.

determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." Fed. R. Civ. P. 19(b).  The court cannot determine feasibility and therefore cannot proceed absent additional evidence and argument.  Accordingly, within fourteen (14) days of the date of this Order, defendant Howard Mitchell Johnson is directed to submit to the court evidence regarding Constance Ray Johnson's citizenship, as well as argument directed to the proper procedure for joinder and/or alignment of the parties.[7]  Plaintiffs may respond to the argument and/or present evidence within fourteen (14) days thereafter.

## Conclusion

WHEREFORE, ruling on defendant Howard Mitchell Johnson's Motion to Require Joinder of All Trust Beneficiaries or Alternatively to Dismiss [Doc. 85] is deferred pending the submission of additional evidence and argument as set forth herein.

Defendant Howard Mitchell Johnson shall submit evidence regarding Constance Ray Johnson's citizenship, as well as argument directed to the proper procedure for joinder and/or alignment of the parties, on or before June 18, 2021.  Plaintiffs Victoria Ann Burgess, Elizabeth F. Johnson, Clark Walker Johnson, and Maynard Gardner Moody, as Personal Representative of Patricia Johnson, may file a response and/or present evidence on or before July 2, 2021.

IT IS SO ORDERED this 4th day of June, 2021.

GREGORY K. FRIZZELL
UNITED STATES DISTRICT JUDGE

---

[7] Alternatively, the court would entertain a stipulation as the feasibility of joinder if the parties can reach such an agreement.  *See, e.g., Davis*, 192 F.3d at 957 ("When, as in this case, the impossibility of joining the absent party is undisputed, this court then reviews the district court's determination of whether in equity and good conscience the lawsuit can proceed in the absence of the necessary party.").