IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| VICTORIA ANN BURGESS;<br>ELIZABETH F. JOHNSON;<br>CLARK WALKER JOHNSON;<br>and MAYNARD GARDNER MOODY,<br>as Personal Representative of the Estate of<br>PATRICIA JOHNSON PERRY, deceased,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>HOWARD MITCHELL JOHNSON,<br><br>　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Case No. 19-CV-00232-GKF-JFJ<br>)<br>)<br>)<br>)<br>) |

**OPINION AND ORDER**

This matter comes before the court on the Motion to Require Joinder of All Trust Beneficiaries or Alternatively to Dismiss [Doc. 85] of defendant Howard Mitchell Johnson.  For the reasons set forth below, the motion is granted.  Because joinder is not feasible and the case cannot proceed in equity and good conscience among the existing parties, this matter is dismissed without prejudice.

**Background/Procedural History**

This case arises from a dispute concerning the administration of an irrevocable trust.  In 1974, Erma Ossip Johnson, M.D. (E.O. Johnson) created the E. Ossip Johnson, M.D. Trust, which was subsequently amended and restated into its final iteration in 1990 (Trust).  E.O. Johnson and his wife, Machiko O. Johnson, were the initial co-trustees of the Trust.  The Trust provided for two contingent trusts, designated as "Trust A" and "Trust B."  Machiko Johnson was the sole beneficiary to "Trust A."  "Trust B" had ten (10) beneficiaries: defendant Howard Mitchell Johnson, who is E.O. Johnson's adopted son (H. M. Johnson); plaintiffs Victoria Ann Burgess,

Elizabeth F. Johnson, Clark Walker Johnson, and Patricia Johnson Perry[1]; and non-parties Mark Everett Johnson, Tyler Wise Johnson, Junko Amano, Harriet Hunt, and Constance Ray Johnson.

Following E.O. Johnson's death in 1996, H. M. Johnson was appointed as E.O. Johnson's successor trustee and co-trustee with Machiko Johnson.  In 2018, Machiko Johnson died, rendering H. M. Johnson the Trust's sole trustee.

On May 2, 2019, plaintiffs initiated this litigation as beneficiaries under the Trust by filing the original Complaint.  Therein, plaintiffs alleged that, prior to Machiko Johnson's death, she and H. M. Johnson breached their fiduciary duties to the beneficiaries of the Trust by, among other acts, secreting from the beneficiaries the Trust securities, moneys, property, and property rights; wrongfully withdrawing moneys from Trust accounts; expending Trust moneys for their personal benefit; and acquiring, directly or indirectly, in their names, property and property rights with the Trust moneys and transferring the monies to limited liability companies, which they organized and used as vehicles for defrauding the Trust beneficiaries.  *See generally* [Doc. 2].

In response to the Complaint, H.M. Johnson filed a motion to compel arbitration pursuant to § 2 of the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1 *et seq*. [Doc. 13].  The court denied the motion [Doc. 28], and Johnson appealed the decision to U.S. Court of Appeals for the Tenth Circuit.  [Doc. 30].  The Tenth Circuit affirmed on November 4, 2020.  [Doc. 46].

On February 3, 2021, plaintiffs filed the First Amended Complaint, the operative pleading.[2]  [Doc. 69].  The Amended Complaint includes the following causes of action:  (1) statutory breach

---

[1] Patricia Johnson Perry initiated this litigation as a co-plaintiff, but died on July 2, 2019.  Maynard Gardner Moody was appointed personal representative of Perry's estate and substituted as a party pursuant to Fed. R. Civ. P. 25.

[2] The operative pleading is titled "Corrected First Amended Complaint" [Doc. 69], because counsel first attached the wrong PDF [Doc. 68], then refiled a corrected pleading.  For ease of

of fiduciary duties, Okla. Stat. tit. 60, § 175.57; (2) breach of common law fiduciary duties; (3) common law conversion; (4) embezzlement, Okla. Stat. tit. 21, § 1451; (5) civil theft, Colo. Rev. Stat. § 18-4-405; (6) constructive trust; (7) violation of Colorado Uniform Fraudulent Transfer Act, Colo. Rev. Stat. § 38-8-101, *et seq.*; (8) violation of Oklahoma Uniform Fraudulent Transfer Act, Okla. Stat. tit. 24, § 112, *et seq.*; (9) common law fraud; (10) fraud by nondisclosure; (11) accounting, Okla. Stat. tit. 60, § 175.57; and (12) restitution and unjust enrichment. Plaintiffs seek damages, including actual, consequential, exemplary, and treble damages; declaratory relief for constructive trust; and remedies for breach of trust pursuant to Okla. Stat. tit. 60, § 175.57. [Doc. 69, p. 23]. Five of the ten beneficiaries to "Trust B" are not parties to the suit.[3] [Doc. 69, p. 4, ¶ 18].

On March 11, 2021, defendant H.M. Johnson filed the Motion to Require Joinder of All Trust Beneficiaries or Alternatively to Dismiss [Doc. 85], seeking to join the five absentee beneficiaries or, in the alternative, dismissal. Plaintiffs responded in opposition [Doc. 87; Doc. 88], and defendant filed a reply [Doc. 89].

In a June 4, 2021 Opinion and Order, this court concluded that the absentee beneficiaries were required to be joined under Fed. R. Civ. P. 19(a). [Doc. 90, p. 7]. However, insufficient information had been provided for the court to determine the feasibility of joining the absentee beneficiaries. Accordingly, the court directed the parties to submit supplemental evidence and argument. [*Id.* at pp. 8-9].

---

reference, the court refers to the "Corrected First Amended Complaint" as the Amended Complaint.

[3] For ease of reference, the court refers to the five "Trust B" beneficiaries who are not parties to this suit as "the absentee beneficiaries."

On June 17, 2021, H.M. Johnson submitted a Brief and Evidence in Response to Court Opinion and Order, which included the Affidavit of Constance Ray Johnson. [Doc. 91]. On July 1, 2021, plaintiffs submit a Brief and Evidence In Response to Court Opinion and Order, which included the Affidavit and Declaration of Tyler Wise Johnson, II; the Affidavit and Declaration of Harriet Ann Burk; a checking summary for Chase Bank account no. XXXXXXXXXXX9556; the Articles of Organization of HMJMOJ L.L.C.; a Deed of Trust, dated October 13, 2016, for Lot 23, Abeyta Creek Acres, Huerfano County, Colorado; the Affidavit of Mark E. B. Johnson, M.D.; and the Affidavit of Dale Ossip Johnson. [Doc. 92]. Accordingly, the court now considers H.M. Johnson's motion in light of the additional materials.

## Standard

Federal Rule of Civil Procedure 12(b)(7) provides for dismissal of an action for "failure to join a party under Rule 19." The Tenth Circuit has recognized that "Rule 19 provides a three-step process for determining whether an action should be dismissed for failure to join a purportedly indispensable party." *Citizen Potawatomi Nation v. Norton*, 248 F.3d 993, 997 (10th Cir. 2001). The moving party bears the burden at each step. *See Davis v. United States*, 192 F.3d 951, 958 (10th Cir. 1999). "The proponent's burden can be satisfied by providing affidavits of persons having knowledge of these interests as well as other relevant extra-pleading evidence." *Citizen Band of Potawatomi Indian Tribe of Okla. v. Collier*, 17 F.3d 1292, 1293 (10th Cir. 1994) (internal quotations omitted).

*First*, "the court must find that a prospective party is 'required to be joined' under Rule 19(a)." *N. Arapaho Tribe v. Harnsberger*, 697 F.3d 1272, 1278 (10th Cir. 2012). Rule 19(a) states:

    (a)      Persons Required to Be Joined if Feasible

        (1)      Required Party. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:

            (A)      in that person's absence, the court cannot accord complete relief among existing parties; or

            (B)      that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

                (i)      as a practical matter impair or impede the person's ability to protect the interest; or

                (ii)      leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a).

*Second*, if the absent person or entity was required to be joined, "the court must then determine whether joinder is 'feasible.'" *Norton*, 248 F.3d at 997. "If joinder is feasible, the court must order it; the court has no discretion at this point because of the mandatory language of the rule." 7 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1611 (3d ed. Apr. 2021 update) (internal footnote omitted).

*Third and finally*, if the required person or entity cannot be feasibly joined, "the court must determine, under Rule 19(b), whether the required-but-not-feasibly-joined party is so important to the action that the action cannot 'in equity and good conscience' proceed in that person's absence." *Harnsberger,* 697 F.3d at 1278-79. The factors for the court to consider include:

(1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;

(2) the extent to which any prejudice could be lessened or avoided by:

    (A) protective provisions in the judgment;

>> (B) shaping the relief; or
>>
>> (C) other measures;
>
> (3) whether a judgment rendered in the person's absence would be adequate; and
>
> (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Fed. R. Civ. P. 19(b). If the action cannot "in equity and good conscience" proceed without the absent person or entity, the action "should be dismissed." *Id.* "Because Rule 19(b) does not state the weight to be given each factor, the district court in its discretion must determine the importance of each in the context of the particular case." *Thunder Basin Coal Co. v. Sw. Pub. Serv. Co.*, 104 F.3d 1205, 1211 (10th Cir. 1997).

**Analysis**

As stated above, the court previously concluded that the absentee beneficiaries were required to be joined under Rule 19(a). [Doc. 90, p. 7]. The court directed the parties to submit additional evidence and argument *only as to* Constance Ray Johnson's citizenship and the proper procedure for joinder and/or alignment of the parties. [*Id.* at p. 9]. Nevertheless, plaintiffs direct three of the eight substantive pages in their brief to argument that the absentee beneficiaries are not necessary parties. *See generally* [Doc. 92, pp. 3-6]. Despite having already discussed the matter at length and determined the issue, the court will nevertheless briefly discuss the arguments raised by plaintiffs in their recent brief as to whether the absentee beneficiaries are necessary parties.

  A.  *Plaintiffs' Arguments With Respect to Rule 19(a) Necessary Party Analysis*

Plaintiffs first argue that the absentee beneficiaries are not necessary parties because the *res* of Trust B has been depleted, which plaintiffs assert terminates Trust B. Because plaintiffs

contend that Trust B has been terminated, they argue that the requested relief, other than an accounting, is moot. As for an accounting, plaintiffs state that the relief "is unrelated to any material changes in the organization and operation of Trust B" and therefore "[t]he granting of such other relief can have no legal effect on the beneficial rights of the non-party beneficiaries in Trust B." [Doc. 92, p. 5]. Plaintiffs' argument in this regard does not warrant reconsideration or reversal of the court's prior determination.

First, is not clear that, under Oklahoma law and the relevant facts, depletion of the Trust B *res* terminated the Trust. Pursuant to the Oklahoma Trust Act, "[w]hen the purpose for which an express trust was created ceases, the estate of the trustee also ceases." Okla. Stat. tit. 60, § 175.49. That is, when "the purpose of the trust ceases . . . the trust ends by operation of law." *Barnes v. Barnes,* 280 P.2d 996, 999 (Okla. 1955). The Trust requires that the Trust B *res* be divided into equal and separate shares to the primary beneficiaries or the surviving issues of those persons who had previously died. [Doc. 85-1, p. 14]. Additionally, the Trust authorized the trustee to distribute portions of the principal "for the health, happiness, maintenance, education, welfare or comfort of any one or more of the direct and contingent beneficiaries" of the Trust. [*Id.*].

Plaintiffs argue that H.M. Johnson terminated the Trust by depleting the *res* through transfers to HMJMOJ, L.L.C., including to benefit H.M. Johnson's Colorado residence. [Doc. 92, p. 4]. However, plaintiffs' claims are premised in part on these same transfers. The Amended Complaint includes allegations that H.M. Johnson misappropriated the Trust B *res* by transferring the *res* to his limited liability company, HMJMOJ, L.L.C., for the benefit of the Colorado property, which reduced the plaintiffs' interest in the Trust *res* to their detriment. [Doc. 69, pp. 8-12]. It is too early in this litigation to determine whether the transfers were tortious or terminated the Trust as a matter of law.

Regardless, assuming that plaintiffs are correct that the Trust terminated by operation of law, the absentee beneficiaries remain necessary parties. Even if plaintiffs' request to remove H.M. Johnson as trustee and other relief "affecting the organization and operation of Trust B" is moot, [Doc. 92, p. 5], plaintiffs request an accounting as well as restoration of trust property. [Doc. 69, p. 23]. "As a general rule, all beneficiaries are persons needed for just adjudication of an action to remove trustees and require an accounting or restoration of trust assets." *Tick v. Cohen,* 787 F.2d 1490, 1494 (11th Cir. 1986) (quoting *Walsh v. Centeio*, 692 F.2d 1239, 1243 (9th Cir. 1982)). This is because an accounting and restoration of trust assets will likely affect the trust. *Id.*; *see also Wood v. Hull*, No. 16-CV-450-TCK-JFJ, 2017 WL 4896936, at *3 (N.D. Okla. Oct. 30, 2017) ("Because the Trusts have multiple beneficiaries who are to take proportionately from certain trust assets, a construction of the terms or judgment affecting the *res* of the Trusts could affect the Absent Beneficiaries' interests."). Accordingly, "[w]ithout the absentee beneficiaries, the court cannot afford complete relief." [Doc. 90, p. 6 (citing Fed. R. Civ. P. 19(a)(1)(A))].[4]

Citing a Ninth Circuit decision, *Salt River Project Agricultural Improvement and Power District v. Lee*, plaintiffs next argue that the absentee beneficiaries are not necessary parties because they are adequately represented in this lawsuit by the existing plaintiffs. [Doc. 92, pp. 5-6 (citing *Salt River Project Agric. & Power Dist. v. Lee,* 672 F.3d 1176 (9th Cir. 2012))]. In *Salt River*, however, the Ninth Circuit recognized

> A party may be necessary under Rule 19(a) in **three different ways**. First, a person is necessary if, in his absence, the court cannot accord complete relief among existing parties. Second, a person is necessary if he has an interest in the action and resolving the action in his absence may as a practical matter impair or impede his ability to protect that interest. Third, a person is necessary if he has an interest

---

[4] The court notes that absentee beneficiaries Tyler Wise Johnson, II and Harriet Anne Burk have indicated that they wish to disclaim their respective interests in the Trust. [Doc. 92, pp. 11 and 14]. However, the remaining three absentee beneficiaries have made no such disclaimer.

> in the action and resolving the action in his absence may leave an existing party subject to inconsistent obligations because of that interest.

*Salt River Project Agric. & Power Dist.*, 672 F.3d at 1179 (internal citations omitted) (emphasis added); *see also* Fed. R. Civ. P. 19(a)  The court has concluded that, without the absentee beneficiaries, the court cannot afford complete relief among the existing parties.  Accordingly, the absentee beneficiaries are necessary pursuant to Rule 19's first definition, regardless of whether the current plaintiffs adequately represent their interests.

For all of the foregoing reasons, as well as the reasons discussed in the court's June 4, 2021 Opinion and Order [Doc. 90], the absentee beneficiaries are necessary parties to this matter pursuant to Fed. R. Civ. P. 19(a).  Accordingly, the court next considers whether joinder of the absentee beneficiaries is feasible.

  B.  *Feasibility of Joinder*

The feasibility analysis requires the court to consider whether "the absentee is subject to service of process and whether joinder will deprive the court of jurisdiction over the subject matter of the action."  7 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1604 (3d ed. Apr. 2021 update) (internal footnote omitted).  Joinder is not feasible if it will deprive the court of jurisdiction.  *See* Fed. R. Civ. P. 19(a); *Wood,* 2017 WL 4896936, at *2.

A person may be joined as a defendant or, in proper cases, an involuntary plaintiff.  As this court has previously recognized, Rule 19 permits joinder as an involuntary plaintiff "only if the person is beyond the jurisdiction of the court, and is notified of the action, but refuses to join."  7 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1606 (3d ed. Apr. 2021 update).  "Generally, if a party refuses to join as a plaintiff, the proper procedure is to serve the complaint on that party as a defendant and then seek realignment."  *Elborough v. Evansville*

*Cmty. Sch. Dist.*, 636 F. Supp. 2d 812, 826 (W.D. Wis. 2009); *see also Eikel v. States Marine Lines, Inc.,* 473 F.2d 959 (5th Cir. 1973).

"The seminal case on alignment of parties for purposes of diversity jurisdiction is *City of Indianapolis v. Chase National Bank,* 314 U.S. 63, 62 S. Ct. 15, 86 L. Ed. 47 (1941)." *Belcher v. United Parcel Serv., Inc.*, No. 09-CV-628-TCK-PJC, 2009 WL 4912169, at *2 (N.D. Okla. Dec. 10, 2009). There, the Court stated:

> Diversity jurisdiction cannot be conferred upon the federal courts by the parties' own determination of who are plaintiffs and who defendants. It is our duty, as it is that of the lower federal courts, to look beyond the pleadings, and arrange the parties according to their sides in the dispute. Litigation is the pursuit of practical ends, not a game of chess. Whether the necessary collision of interest exists, is therefore not to be determined by mechanical rules. It must be ascertained from the principal purpose of the suit, and the primary and controlling matter in dispute.

*City of Indianapolis*, 314 U.S. at 69 (internal citations and quotations omitted). The Tenth Circuit has interpreted *City of Indianapolis* to require application of the "substantial-conflict" test to determine realignment. *Price v. Wolford*, 608 F.3d 698, 705 (10th Cir. 2010). Pursuant to that test, "a party need not be realigned so long as it has an 'actual and substantial conflict' with a party on the other side." *Id.* "Only when the parties are aligned to match their actual interests can the court determine whether § 1332 is satisfied." *Symes v. Harris*, 472 F.3d 754, 761 (10th Cir. 2006). Because realignment relates to diversity, the court need only consider the absentee beneficiary whose citizenship can affect the court's subject matter jurisdiction—Constance Ray Johnson.[5] *See Anschutz Corp. v. Nat. Gas Pipeline Co. of Am.*, 632 F. Supp. 445, 450 (D. Utah 1986).

---

[5] H.M. Johnson is a citizen of Colorado for purposes of the court's diversity jurisdiction. [Doc. 84]. H.M. Johnson submits with the motion the Affidavit of Constance Ray Johnson, in which she avers that she has resided in Colorado since January of 2019 and considers herself to be a resident and citizen of that state. [Doc. 91-1]. She is a registered voter in Colorado and renewed her passport to reflect a Colorado address. Ms. Johnson characterizes Colorado as her state of domicile. [*Id.*]. Accordingly, Constance Ray Johnson is also a citizen of Colorado for purposes

Here, an actual and substantial conflict exists between Constance Ray Johnson and H.M. Johnson as to the constitution and distribution of the Trust B *res*. *See generally* [Doc. 69]. Pursuant to the Trust, Constance Ray Johnson is entitled to an equal share of the income and principal of Trust B.[6] [Doc. 85-1, pp. 13-17]. Based on the materials presented, H.M. Johnson has made no distributions and has apparently depleted certain Trust funds, whether legitimately or not. *See* [Doc. 92, p. 18]. Thus, it in the best interests of both the existing plaintiffs and Constance Ray Johnson to grow the Trust B *res*, require an accurate accounting, and receive a distribution. In contrast, plaintiffs offer no evidence of an actual, substantial controversy between Constance Ray Johnson and the existing plaintiffs. Although Constance Ray Johnson has expressed that she does not wish to join the lawsuit because she does not want to sue her brother, "[t]he mere refusal to join the action as a plaintiff is not enough to demonstrate that the recalcitrant individual has a different ultimate interest in the outcome of the action than does the plaintiff." 13E Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3607 (3d ed. Apr. 2021 update). Accordingly, it is appropriate to align Constance Ray Johnson as a plaintiff.

Whether Constance Ray Johnson is added as an involuntary plaintiff or aligned by the court as a plaintiff, her joinder destroys complete diversity. Thus, Constance Ray Johnson's joinder is not feasible and the court must consider whether, in equity and good conscience, the action should proceed among only the existing parties or be dismissed.

---

of diversity jurisdiction. *See Smith v. Cummings*, 445 F.3d 1254, 1259 (10th Cir. 2006) ("For purposes of federal diversity jurisdiction, an individual's state citizenship is equivalent to domicile.").

[6] Constance Ray Johnson has not purported to disclaim her interest in the Trust.

C. *Rule 19(b) Equity and Good Conscience Analysis*

As previously stated, to determine whether the case should proceed among the existing parties or be dismissed, the court should consider the following factors:

(1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;

(2) the extent to which any prejudice could be lessened or avoided by:

   (D) protective provisions in the judgment;

   (E) shaping the relief; or

   (F) other measures;

(3) whether a judgment rendered in the person's absence would be adequate; and

(4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Fed. R. Civ. P. 19(b).

First, as to whether a judgment would prejudice Constance Ray Johnson and the other absentee beneficiaries, as discussed above, the requested relief requires a construction of the terms of the Trust and an accounting. Thus, a judgment could prejudice the absentee beneficiaries. *See Wood*, 2017 WL 4896936, at *4. Plaintiffs assert that they will be prejudiced because H.M. Johnson has unreasonably delayed litigation of this case by appealing on the arbitration issue and failing to timely raise non-joinder. [Doc. 88, pp. 16-18; Doc. 92, pp. 7-8]. However, this court previously concluded that H.M. Johnson's appeal was at least "colorable." *See* [Doc. 43]. Further, a motion to dismiss for failure to join a person required by Rule 19 may be filed as late as trial. Fed. R. Civ. P. 12(h)(2)(C). Additionally, the court notes that H.M. Johnson retained new counsel shortly after the Tenth Circuit's decision on his appeal, which likely resulted in the change in litigation strategy. *See* [Doc. 45, 50 through 53]. Further, although plaintiffs have filed an early

dispositive motion, the court notes that discovery in this matter is ongoing. Thus, plaintiffs will suffer minimal, if any, prejudice. But defendant H.M. Johnson may be prejudiced through the threat of inconsistent obligations. *Wood,* 2017 WL 4896936, at *4; *see also Faunce v. Bird*, 210 F.R.D. 725, 729 (D. Or. 2002). Accordingly, this factor weighs in favor of dismissal.

The court examines the second and third factors together. *See Tick*, 787 F.2d at 1495. As discussed above, a judgment will affect the absentee beneficiaries' interests in the Trust. Further, "any judgment here would be inadequate because the [absentee beneficiaries] may bring duplicative claims, with potentially inconsistent results" and proceeding without the absentee beneficiaries would frustrate the intent of the Trust to provide equal distributions to the Trust B beneficiaries. *Wood*, 2017 WL 4896936, at *5. The court "find[s] it difficult to envision any conceivable way to fashion a meaningful judgment which will not affect the absent beneficiaries interests." *Tick,* 787 F.2d at 1495. Thus, the second and third factors weigh in favor of dismissal.

Finally, the court considers whether an alternative forum exists such that plaintiffs would have an adequate remedy if this action was dismissed for nonjoinder. The absence of an alternative forum should "weigh heavily, if not conclusively against dismissal." *Rishell v. Jane Phillips Episcopal Mem'l Med. Ctr.*, 94 F.3d 1407, 1413 (10th Cir. 1996). However, the U.S. Supreme Court has recognized that "[d]ismissal under Rule 19(b) will mean, in some instances, that plaintiffs will be left without a forum for definitive resolution of their claims." *Republic of the Philippines v. Pimentel*, 553 U.S. 851, 872 (2008).

Plaintiffs argue that no alternative forum exists in Oklahoma state court because the absentee beneficiaries are not subject to service of process under state law and joinder of beneficiaries is a jurisdictional requirement pursuant to Oklahoma statutes. [Doc. 88, pp. 17-18; Doc. 92, p. 7]. Oklahoma statutes provide that Oklahoma state district courts

> shall have original jurisdiction to construe the provisions of any trust instrument; to determine the law applicable thereto; the powers, duties, and liability of trustee; the existence or nonexistence of facts affecting the administration of the trust estate; to require accounting by trustees; to surcharge trustee; and in its discretion to supervise the administration of trusts.

Okla. Stat. tit. 60, § 175.23(A). "Under both Oklahoma law and the law of this Circuit, a suit that concerns or determines the ownership, control and administration of a trust and the powers, duties and liabilities of the trustee is either in rem or quasi in rem." *Jage v. Trust Co. of Okla.*, No. 06-CV-249-GKF-FHM, 2009 WL 3241659, at *5 (N.D. Okla. Sept. 30, 2009) (quoting *Cassity v. Pitts,* 995 F.2d 1009, 1012 (10th Cir. 1993)). Regardless of the nature of the case, however, personal jurisdiction and service are required.[7] Okla. Stat. tit. 60, § 175.23(D).

Here, the Trust owns property in Oklahoma and the Trust provides that it shall be construed and administered according to the laws of the State of Oklahoma. [Doc. 85-1; Doc. 92, pp. 18 and 20]. Further, it appears to be undisputed that Constance Ray Johnson is a beneficiary of the Trust and has not disclaimed that interest. In *Mullane v. Central Hanover Bank & Trust Co.*, the U.S. Supreme Court considered a state court's jurisdiction to determine the rights of non-resident trust beneficiaries. 339 U.S. 306, 311 (1950). There, the court observed that

> [W]hatever the technical definition of its chosen procedure, the interest of each state in providing means to close trusts that exist by the grace of its laws and are administered under the supervision of its courts is so insistent and rooted in custom as to establish beyond doubt the right of its courts to determine the interests of all claimants, resident or nonresident, provided its procedure accords full opportunity to appear and be heard.

*Id.* at 313. The court reasoned "the vital interest of the State in bringing any issues as to its fiduciaries to a final settlement can be served only if interests or claims of individuals who are

---

[7] "Where, as in Oklahoma, the state long arm statute supports personal jurisdiction to the full extent constitutionally permitted, due process principles govern the inquiry." *Shrader v. Biddinger*, 633 F.3d 1235, 1239 (10th Cir. 2011); *see also* Okla. Stat. tit. 12, § 2004(F).

outside of the State can somehow be determined. A construction of the Due Process Clause which would place impossible or impractical obstacles in the way could not be justified." *Id.* at 313-14. *Mullane* has not been overruled and therefore controls. Pursuant to *Mullane*, the interests of the State of Oklahoma in administering the Trust "establish beyond doubt the right of [Oklahoma] courts to determine the interests of" the non-resident, absentee beneficiaries, including Constance Ray Johnson. *Id.* at 313; *see also Shaffer v. Heitner*, 433 U.S. 186, 207-08 (1977) (internal footnotes omitted) ("[W]hen claims to the property itself are the source of the underlying controversy between the plaintiff and the defendant, it would be unusual for the State where the property is located not to have jurisdiction. In such cases, the defendant's claim to property located in the State would normally indicate that he expected to benefit from the State's protection of his interest. . . . It appears, therefore, that jurisdiction over many types of actions which now are or might be brought in rem would not be affected by a holding that any assertion of state-court jurisdiction must satisfy the *International Shoe* standard."); *cf. Hanson v. Denckla,* 357 U.S. 235, 253-55 (1958) (Florida court did not have personal jurisdiction over trustee of Delaware trust). Thus, an adequate alternative forum exists in Oklahoma state court and the fourth factor weighs in favor of dismissal.

For the foregoing reasons, the four Rule 19(b) factors weigh in favor of dismissal. This action cannot "in equity and good conscience" proceed without the absentee beneficiaries, specifically Constance Ray Johnson, and therefore the action "should be dismissed." *See* Fed. R. Civ. P. 19(b).

**Conclusion**

WHEREFORE, defendant Howard Mitchell Johnson's Motion to Require Joinder of All Trust Beneficiaries or Alternatively to Dismiss [Doc. 85] is granted. This action is dismissed without prejudice.

IT IS SO ORDERED this 5th day of August, 2021.

*[signature]*
GREGORY K. FRIZZELL
UNITED STATES DISTRICT JUDGE